Manjit SINGH, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–73654.

BIA No. A76–853–830.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2004.**

Decided April 20, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, William C. Peachey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Manjit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's determination unless the evidence compels a contrary result. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

The BIA assumed that Singh testified credibly and concluded that Singh had failed to meet the burden of proof on his claims. In such instances, we accept the petitioner's testimony as credible. *See Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004). Singh suffered two incidents of arrest and beating by the Indian police in 1989 and 1991 when the police incorrectly assumed that Singh was supporting the pro-Khalistan militants. Thereafter, Singh lived without incident from the police for over six years. In December 1997, Singh was stopped by the police when he was transporting persons in his taxi to a pro-Khalistan political rally. Singh was not arrested or harmed. The police came looking for Singh the next day, and the police detained Singh's father instead of Singh. Singh's father was released and Singh's parents, wife, and children reside unharmed in India. Singh claims that the police are still looking for him because of his support for Khalistan.

The evidence does not compel the conclusion that Singh's experiences with the police in 1989, 1991, and 1997 rose to the level of persecution on account of an im-

*** This disposition is not appropriate for publication and may not be cited to or by the

puted political opinion. *See Padash v. INS,* 358 F.3d 1161, 1166 (9th Cir.2004). Even if Singh had established past persecution, the government successfully rebutted a presumption of a well-founded fear of future persecution by showing improved country conditions for police abuses in the Punjab area of India. The evidence does not compel the conclusion that Singh has an objectionably reasonable fear of persecution upon his return to India. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). Singh has also failed to meet the standard for CAT relief. *See* 9 C.F.R. § 208.16(c)(2); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.